# NO. 12-13-00046-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOYCE MCGAHA,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joyce McGaha appeals her conviction for misapplication of fiduciary property from the elderly. In one issue, Appellant argues that the evidence is legally insufficient to support her conviction. We affirm.

## BACKGROUND

In 2006, Appellant began dating Jack Brittain, a man much older than she. Brittain introduced Appellant as his girlfriend to his children, and they began living together in Brittain's house. While initially happy for him, Brittain's children worried that Appellant was taking advantage of him. Over several months, Brittain's physical health declined, and Appellant became his de facto caregiver. Even though Brittain's children spoke to him over the phone and visited occasionally, they all lived out of state. Thus, Brittain relied almost exclusively upon Appellant for his care. In January 2007, Brittain executed a power of attorney in which he appointed Appellant as his attorney in fact. The power of attorney was to become effective upon Brittain's disability or incapacity.

Over the same period of time, Brittain's mental condition declined. He was diagnosed with moderate dementia. He also had memory difficulties, was frequently confused, and was clinically depressed. On March 6, 2007, Brittain's physician, Dr. James M. Cochran, wrote a

letter in which he certified that Brittain was mentally incapacitated. After Cochran certified that Brittain was mentally incapacitated, Appellant engaged in various acts that benefitted her to the detriment of Brittain. She added her name to the title of Brittain's vehicle, withdrew money from Brittain's accounts, and deposited checks payable to Brittain into her account. Appellant completed a number of these transactions by signing her name followed by "POA."

As Brittain's health continued to deteriorate, Brittain's children became convinced that Appellant was harming him, either physically or financially. One of his daughters, Kathleen Luther, instituted a guardianship proceeding in order to get Appellant away from her father. At that point, Brittain's children also began providing home health care for Brittain. However, while the guardianship matter was pending, Brittain died.

After Brittain's death, his children discovered the extent of Appellant's actions regarding Brittain's financial accounts, and believed their fears were confirmed. A criminal investigation soon ensued resulting in Appellant's being charged by indictment with misapplication of fiduciary property from the elderly with the value of the property being more than $20,000 but less than $100,000. The matter proceeded to a jury trial. After the close of evidence, the jury found Appellant "not guilty" of misapplication of fiduciary property from the elderly as alleged in the indictment. However, the jury found Appellant "guilty" of the lesser included offense of misapplication of fiduciary property from the elderly with the value of the property being $1,500 or more but less than $20,000. After a trial on punishment, the jury assessed Appellant's punishment at imprisonment for ten years and a $10,000 fine. This appeal followed.

<u>EVIDENTIARY SUFFICIENCY</u>

In her sole issue, Appellant argues that the evidence is legally insufficient to support her conviction. Specifically, Appellant contends that the evidence is legally insufficient because the State failed to prove beyond a reasonable doubt that she held the property misapplied in the capacity of a fiduciary because the power of attorney never became effective.

**Standard of Review and Applicable Law**

Legal sufficiency of the evidence is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–88, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd); *see also Brooks v. State*, 323

2

S.W.3d 893, 895 (Tex. Crim. App. 2010). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

To support Appellant's conviction for misapplication of fiduciary property from the elderly, the State was required to prove that Appellant intentionally, knowingly, or recklessly misapplied property that she held as a fiduciary in a manner that involved substantial risk of loss to the owner of the property or to a person for whose benefit the property is held. *See* TEX. PENAL CODE ANN. § 32.45(b) (West 2011 & West Supp. 2013); *see also Skillern v. State*, 355 S.W.3d 262, 268 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). One acts in a fiduciary

3

capacity with regard to another's property when the property she handles "is not [hers] or for [her] own benefit, but for the benefit of another person as to whom [she] stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part." **Gonzalez v. State**, 954 S.W.2d 98, 103 (Tex. App.—San Antonio 1997, no pet.) (quoting BLACK'S LAW DICTIONARY 625 (6th ed. 1990)). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See* **Hooper v. State**, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**Application**

In the instant case, Brittain executed a power of attorney that became effective on his disability or incapacity. Brittain further stated in the power of attorney that he should

> be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs.

Several weeks later, Cochran, Brittain's physician, wrote as follows:

> [I]t is my best medical judgment that [Brittain] is mentally incapacitated. Today (03/01/2007) we performed a MMSE on him. He scored 18/30, this is certainly very abnormal. He suffers from depression also, this is due to multiple factors. His medical status is very fragile due to severe heart disease.

Appellant contends that Cochran's letter was insufficient to effectuate the power of attorney because Cochran could have determined that Brittain was mentally incapacitated, but not necessarily unable to manage his financial affairs.

Appellant misses the point. Appellant was acting as a fiduciary under the statute if she was (1) an attorney in fact or agent appointed under a durable power of attorney or (2) was otherwise acting in a fiduciary capacity. *See* TEX. PENAL CODE ANN. § 32.45(a)(1)(B), (C). According to the power of attorney, if Appellant acted under the appointment, she "assume[d] the fiduciary and other legal responsibilities of an agent." Before Brittain died, Appellant told Luther that Appellant had a power of attorney for Brittain. Luther testified that Appellant withdrew money from Brittain's account by signing her name as "power of attorney." Rebecca Parker, an employee of the bank that Brittain used, testified that Appellant signed checks that

were payable to Brittain by signing her name as "power of attorney" for Brittain. Regardless of whether the power of attorney was properly effectuated, Appellant met the definition of a fiduciary under the statute. *See id*.

Having examined the record in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that Appellant held the property misapplied in the capacity of a fiduciary. Therefore, we hold that the evidence is legally sufficient to support her conviction for misapplication of fiduciary property from the elderly with the value of the property being $1,500 or more but less than $20,000. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00046-CR**

**JOYCE MCGAHA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 12CR-063)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*